USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 5 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Amado Rodriguez Sanchez,

                Petitioner,

—v—

Thomas Decker et al.,

                Respondents.

18-cv-8798 (AJN)

OPINION AND ORDER

ALISON J. NATHAN, District Judge:

The present case, initiated by the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241, concerns the question of whether Petitioner's habeas challenge to his immigration detention is properly before this Court.[1] Respondents have moved to dismiss or transfer the case to the District of New Jersey for lack of jurisdiction or venue. For the reasons that follow, Respondents' motion is denied in part and granted in part.

## I.    BACKGROUND

Petitioner Amado Rodriguez Sanchez is a 36-year-old citizen of the Dominican Republic. Pet. ¶ 2 (Dkt. No. 3). He has lived in the United States with his lawful permanent resident

---

[1] On August 14, 2019, the Court received a letter from Respondents informing it that the Board of Immigration Appeals dismissed Petitioner's appeal regarding his removal order, rendering that order administratively final and, they argue, thereby mooting Petitioner's habeas petition. *See* Dkt. No. 29. The Court understands Respondents' argument to be addressed to the merits of the petition and thus proceeds in this Opinion and Order to resolve Respondents' pending motion to dismiss or transfer the case to the District of New Jersey. *See Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998) (finding that the court had to first "address issues of personal jurisdiction" over the proper respondent prior to "turn[ing] to the merits" of petitioners' habeas petitions under 28 U.S.C. § 2241); *see also de Ratafia v. Cty. of Columbia*, 2013 WL 603128, at *2 (S.D.N.Y. Feb. 7, 2013) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d. Cir.1963)) ("[I]t is fundamental that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments . . . .").

1

partner and two United States citizen children for the last ten years, working as a landscaper for much of that time. *Id.* On December 14, 2017, he was placed in removal proceedings at the Varick Street Immigration Court in New York, New York and has been detained since then primarily at the Bergen County Jail in Hackensack, New Jersey, a non-federal facility at which he has been detained only at the direction of and pursuant to a contract with Respondents. *Id.* ¶ 5; *see also* Dkt. No. 15 at 12 (noting that the Bergen County Jail is an intergovernmental service agreement ("IGSA") facility with which ICE contracts to house immigration detainees).

Because he is a non-citizen with a controlled substance conviction, Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Pet. ¶ 3; *see also* 8 U.S.C. § 1226. On September 26, 2018, he filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his continued detention without individualized review—totaling 338 days at the time of filing of his petition—violates due process and seeking his release or a bond hearing before an Immigration Judge. Pet. ¶ 3–4. Petitioner named as Respondents in their official capacities Thomas Decker, Field Office Director of the New York City Field Office for U.S. Immigration & Customs Enforcement ("ICE"); Steven Ahrendt, Warden of the Bergen County Jail; Kristjen M. Nielsen, then Secretary of the Department of Homeland Security; and Jefferson Sessions, then Attorney General of the Department of Justice. As of the date of this Opinion and Order, Petitioner has been detained for 610 days.

## II. DISCUSSION

Whether this Court has jurisdiction over Petitioner's habeas petition is contingent on the answers to two interrelated questions. First, who is the proper respondent to his petition? And second, does this Court have jurisdiction over the proper respondent? *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

### A. Respondent Decker is the Proper Respondent

With respect to the first question, the federal habeas statute "provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Id.*; *see also* 28 U.S.C. § 2242. The proper custodian for purposes of this statute is the "immediate custodian"—that is, the party "with the power to produce the body" of the petitioner before the court or judge. *Padilla*, 542 U.S. at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Where, as here, a petitioner challenges his present physical confinement—a so-called "core" habeas challenge—the "default rule" is that the immediate custodian is "the warden of the facility where the prisoner is being held." *Id.* at 435. Under this default rule, "jurisdiction 'lies in only one district: the district of confinement.'" *Phrance v. Johnson*, 2014 WL 6807590, at *1 (S.D.N.Y. Dec. 3, 2014) (quoting *Singh v. Holder*, 2012 WL 5878677, at *1 (S.D.N.Y. Nov. 21, 2012)); *see also Padilla*, 542 U.S. at 443, 446–47.

Respondents argue that application of the immediate custodian rule as articulated in *Padilla* dictates either dismissal or transfer of this case to the District of New Jersey because, they argue, the proper respondent is the warden of the Bergen County Jail and thus the proper district is the District of New Jersey. Petitioner argues that the immediate custodian rule does not apply here or, in the alternative, that Respondent Decker is Petitioner's immediate custodian.

3

Contrary to Respondents' contention, *Padilla* does not settle the question of whether or how the immediate custodian rule applies in this case. In *Padilla*, "the Supreme Court explicitly declined to address the application of the immediate custodian rule to alien detainees." *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 461 (S.D.N.Y. 2018); *see also Padilla*, 542 U.S. at 435 n.8. There is likewise no Second Circuit authority addressing the application of the rule in this context. *See Henderson*, 157 F.3d at 128. While there is considerable support in the courts of this District for Respondents' position that the immediate custodian rule as articulated in *Padilla* applies with equal force to alien detainees, *see, e.g., S.N.C. v. Sessions*, 325 F.Supp.3d 401, 406–07 & n.5 (S.D.N.Y. 2018) (collecting cases), other courts in this District have concluded otherwise, *see, e.g., Matias Madera v. Decker*, No. 18 Civ. 7314 (AKH), Dkt. No. 30 (S.D.N.Y. Sept. 28, 2018); *You v. Nielsen*, 321 F.Supp.3d 451 (S.D.N.Y. 2018); *Calderon v. Sessions*, 330 F.Supp.3d 944 (S.D.N.Y. 2018).

This Court finds that the Field Office Director of the New York City Field Office for ICE is the proper respondent here. However, it does not do so because there is any "compelling distinction between criminal custody and immigration custody as such." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1185 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). As the Supreme Court recognized in *Padilla*, there is not. *See Padilla*, 542 U.S. at 437 ("[T]he statute itself makes no . . . distinction based on the source of the physical detention."). Rather, the Court reaches this conclusion in recognition of the fact that "[w]here a petitioner is held in a facility solely pursuant to a contract, rather than by the state or federal government itself"—a situation to which *Padilla* does not speak—"application of the immediate custodian rule must take account of that fact." *Saravia*, 280 F. Supp. 3d at 1185. Because a petitioner held in a non-federal facility under contract with the federal government is

4

in custody pursuant only "to the power and authority of the federal government," the federal official "with the most immediate control" over that facility is the proper respondent. *Id.* at 1186. Thus, under those circumstances, a petitioner should sue "the federal official most directly responsible for overseeing [the] contract facility when seeking a habeas writ"—here, the Field Office Director of the New York City Field Office, Respondent Decker. *Id.* at 1185; *see* 8 C.F.R. § 236.1(d) (providing that an initial custody determination, including the setting of a bond, shall be made by the field office director); *id.* § 241.4(a) (granting the field office director the authority "to continue an alien in custody or grant release or parole").

Such a rule remains "faithful to the Supreme Court's dictates in *Padilla*," *You*, 321 F. Supp. 3d at 461, that the immediate custodian is the person "with the ability to produce the [party's] body before the habeas court," *Padilla*, 542 U.S. at 435, while at the same time recognizing the reality that non-federal actors "are poorly situated to defend federal interests" in these situations, *Saravia*, 280 F. Supp 3d at 1186; *see also Matias Madera*, No. 18 Civ. 7314, Dkt. No. 30 at 7 ("[T]he warden [of the New Jersey county correctional facility]. . . lacks the information needed to adequately respond to Petitioner's claim. . . . To say that the Assistant U.S. Attorney can represent the warden is not an answer; it is the warden who is the real party in interest, not the lawyer chosen to represent him."); *Calderon*, 330 F. Supp. 3d at 953 ("[T]he warden [of the New Jersey county correctional facility] cannot respond to [the] merits of the claims underlying the habeas petition. The warden simply does not have any information to answer for federal authorities, nor does the warden have any reason to litigate these claims here."). To be clear, though, this rule does *not* amount to an adoption of the "legal reality of control" standard rejected by the Supreme Court in *Padilla*, 542 U.S. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory

official who exercises legal control, is the proper respondent."), nor does it in any way undermine the immediate custodian rule where the petitioner is held in a federal facility. If Petitioner here were detained by federal immigration officials in a *federal* facility, the immediate custodian rule as articulated in *Padilla* would apply, and the proper respondent would be the "federal official acting as the warden of that facility." *Saravia*, 280 F. Supp. 3d at 1185; *cf. Padilla*, 542 U.S. at 436, 442 (finding Commander Marr—"the equivalent of the warden at the military brig"—to be the proper respondent where petitioner was detained by federal officials in a federal facility).

The Court's conclusion does not amount to a novel departure from a consistently and uniformly applied rule. Rather, the immediate custodian rule is "riddled with exceptions fashioned to protect the high office of the Great Writ." *Padilla*, 542 U.S. at 455, 460 (Stevens, J., dissenting) (describing the "bright-line rule" articulated by the majority as "far from bright," and listing four specific exceptions to the rule). For example, several other courts in this District and elsewhere have similarly departed from the immediate custodian rule where the petitioner was detained in immigration detention by a non-ICE contractor, finding the ICE field office director the proper respondent under those circumstances. *See, e.g., Matias Madera*, No. 18 Civ. 7314, Dkt. No. 30 at 7 ("In the present matter, unlike *Padilla*, the ICE [Field Office] Director represents the first and most immediate federal official who is able [to] respond to the petition and, if indicated, deliver the relief sought. . . . Respondent Decker is thus [the] proper respondent in these proceedings . . . ."); *You*, 321 F. Supp. 3d at 461 ("[A]lthough Petitioner is challenging 'present physical confinement,' the facts of this case are unlike 'the traditional context of challenges to present physical confinement.' The Court concludes that, in this context, predicating venue on the location of Petitioner's ICE custodians is more faithful to the

Supreme Court's dictates in Padilla than predicating it on the location of a non-ICE contractor . . . ." (citation omitted)); *Calderon v. Sessions*, 330 F. Supp. 3d at 952–53; *see also Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003).

This conclusion is also consonant with the ways in which courts across the country have applied the immediate custodian rule to other forms of contractual detention. *See L.V.M. v. Lloyd*, 2018 U.S. Dist. LEXIS 97939, at *2 (S.D.N.Y. June 8, 2018) (finding that president and CEO of non-profit that contracted with Office of Refugee Resettlement ("ORR") to house unaccompanied alien children was not proper respondent); *Maldonado v. Lloyd*, 2018 WL 2089348 (S.D.N.Y. May 4, 2018) (granting unaccompanied alien child's habeas petition naming federal officials, and *not* anyone from facility at which he was being held pursuant to contract with ORR, as respondents); *see also Holder v. Curley*, 749 F. Supp. 2d 644, 646 (E.D. Mich. 2010) ("[A] case is properly transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered."); *Carballo v. LaManna*, 2006 WL 3230761, at *2 (D.S.C. Nov. 6, 2006) ("Though petitioner in this case is detained in a federal prison, he was never convicted in a federal court or sentenced to federal charges. The sole connection the petitioner has with this Court is that he is incarcerated at FCI Edgefield [pursuant to a contract with the Bureau of Prisons]. Therefore, the general rule in [*Padilla*] that jurisdiction can only be proper in this Court is not applicable in a situation such as this one. The uniqueness of this situation provides a substantial basis for departing from the immediate custodian rule.").

Thus, for the reasons articulated above, the Court finds that Field Office Director Decker—the federal official with the most immediate control over the non-federal facility in

which Petitioner is being detained—is the proper respondent. Conversely, Respondents Ahrendt, Nielsen, and Sessions are not proper respondents.

**B. This Court has Jurisdiction Over Respondent Decker**

With respect to whether this Court has jurisdiction over Petitioner's habeas petition, the federal habeas statute provides that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). Thus, the "proper district for a 'core' habeas claim is the district that has 'territorial jurisdiction over the proper respondent.'" *S.N.C.*, 325 F. Supp. 3d at 408 (quoting *Padilla*, 542 U.S. at 444).

Respondent Decker's office is located in New York, within the territorial jurisdiction of this Court. Pet. ¶ 14. Because he is the proper respondent and is subject to this Court's jurisdiction, Petitioner's habeas petition is properly before this Court. *See Calderon*, 330 F. Supp. 3d at 954 (finding the New York City Field Office Director subject to jurisdiction in the Southern District of New York because his office is located in New York); *Saravia*, 280 F. Supp. 3d at 1187 (finding the local ORR official subject to jurisdiction in the Northern District of California because she was based in San Francisco).

**III. CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss or transfer the case to the District of New Jersey is denied as to Respondent Decker. The motion to dismiss Respondents Ahrendt, Nielsen, and Sessions is granted. Within seven days of the date of this Opinion and Order, the parties shall meet and confer and submit a proposed briefing schedule for the merits of

8

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. This resolves Dkt. Nos. 9 and 28.

SO ORDERED.

Dated: August 15, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge